**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION**

**WHITE REALTY AND SERVICE**
**CORPORATION,**

     **Plaintiff,**

**v.**                              **No. 3:22-cv-00170**
**ECP-PF:TN OPERATIONS, LLC,**
**NATIONAL CASUALTY COMPANY,**
**HARTFORD UNDERWRITERS**
**INSURANCE COMPANY, FEDERAL**
**INSURANCE COMPANY, and**
**ASHLEY KAITLYN GRAGG,**

     **Defendants.**

---

### ANSWER OF DEFENDANT SUED AS ECP-PF:TN OPERATIONS, LLC

---

COMES NOW, Defendant ECP-PF Holdings, LLC (Planet Fitness), incorrectly sued as ECP-PF:TN Operations, LLC, by and through counsel, and responds to Plaintiff's Complaint for Declaratory Judgment and Damages filed against it as follows:

### PARTIES

1.     Upon information and belief, the allegations in Paragraph 1 of the Complaint are admitted.

2.     It is admitted that ECP-PF:TN Operations, LLC is a Delaware limited liability company authorized to conduct business in Tennessee. It is admitted that ECP-PF:TN Operations, LLC's principal office is located at 35 Old Tavern Road, Orange, Connecticut 06477. The remaining allegations in Paragraph 2 of the Complaint are denied. It is denied that ECP-PF:TN Operations, LLC is a proper party to this action.

1

3.      The allegations in Paragraph 3 of the Complaint are directed towards another defendant and are neither admitted or denied.

4.      The allegations in Paragraph 4 of the Complaint are directed towards another defendant and are neither admitted or denied.

5.      The allegations in Paragraph 5 of the Complaint are directed towards another defendant and are neither admitted or denied.

6.      Upon information and belief, it is admitted that Defendant Ashley Kaitlyn Gragg is a resident of Knox County, Tennessee. This Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 6 of the Complaint.

**JURISDICTION**

7.      It is admitted that the matter involves real property located in Knox County, Tennessee. It is admitted that the lease applicable to the property involves property in Knox County. This Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 7 of the Complaint.

**RELEVANT FACTS**

8.      It is admitted that White Realty is the owner of Village Green Shopping Center located at 11437 Kingston Pike, Knoxville, Tennessee 37934. It is admitted that on or about January 18, 2017, White Realty leased 24,580 square feet of retail space at the Village Green Shopping Center to Fitness Four, LLC in order to operate a Planet Fitness franchise. It is further admitted that the subject lease agreement speaks for itself. This Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 8 of the Complaint.

2

9. The allegations of Paragraph 9 of the Complaint are admitted. It is admitted that the lease agreement referenced by White Realty speaks for itself.

10. The allegations in Paragraph 10 of the Complaint are admitted. It is admitted that the certificate attached as Exhibit 1 to the Complaint speaks for itself.

11. It is admitted that Defendant Gragg was struck by a vehicle on October 26, 2020, in the Village Green Shopping Center. It is further admitted that she filed a lawsuit in Knox County Circuit Court against White Realty, Planet Fitness, and the driver of the vehicle who struck her. It is admitted that this underlying lawsuit is pending under Knox County Circuit Court Docket No. 1-193-21. The remaining allegations in Paragraph 11 of the Complaint are denied.

12. It is admitted that the email attached as Exhibit 2 to the Complaint speaks for itself. It is denied that undersigned counsel did not provide the requested policies. The requested policies have been provided to White Realty.

13. It is admitted that the letter attached as Exhibit 3 to the Complaint speaks for itself.

14. The allegations in Paragraph 14 of the Complaint are denied.

## I. CLAIM FOR DECLARATORY JUDGMENT

15. The allegations in Paragraph 15 of the Complaint are not directed to this Defendant. To the extent a response is deemed necessary, undersigned counsel has provided the requested policies to White Realty.

## II. CLAIM AGAINST PLANET FITNESS FOR BREACH OF LEASE

16. The allegations in Paragraph 16 of the Complaint are denied.

3

### III. CLAIM AGAINST INSURED FOR FAILURE TO DEFEND

17.     The allegations in Paragraph 17 of the Complaint are not directed to this Defendant. To the extent a response is deemed necessary, this Defendant has provided the requested policies in its possession to White Realty. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 17 of the Complaint.

### IV. CLAIM AGAINST INSURERS FOR UNFAIR CLAIM PRACTICES

18.     The allegations in Paragraph 18 of the Complaint are not direct to this Defendant. To the extent a response is deemed necessary, Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 18 of the Complaint.

### V. CLAIM FOR BREACH OF GOOD FAITH AND FAIR DEALING

19.     The allegations in Paragraph 19 of the Complaint are denied.

### VI. CLAIM FOR EQUITABLE ESTOPPEL

20.     The allegations of Paragraph 20 of the Complaint are denied.

### AFFIRMATIVE DEFENSES

21.     It is affirmatively averred that Plaintiff cannot make a stand-alone claim for breach of good faith and fair dealing.  See *Solomon v. First American National Bank of Nashville*, 774 S.W. 2d 935, 945 (Tenn. Ct. App. 1989).

22.     It is affirmatively averred that Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant Planet Fitness, as the requested policies have been provided to White Realty.

23.     It is affirmatively averred that the Plaintiff has failed to state a claim which relief can be granted regarding Section VI of the Complaint.

4

24.     It is affirmatively averred that the Complaint should be dismissed for failure to include all parties having an interest in the declaration sought by plaintiff under § 29-14-101 *et seq.* Tenn. Code Ann. (2021).

Any allegations in the Complaint not admitted, denied, or explained above are hereby denied.

WHEREFORE, this Defendant requests that Plaintiff's Complaint be dismissed with costs taxed to Plaintiff.

Respectfully submitted:


_/s/ Andrew N. Firkins_____
Clint J. Woodfin (BPR# 016346)
Andrew N. Firkins (BPR# 033982)
*Attorneys for Defendant ECP-PF Holdings, LLC*
Spicer Rudstrom, PLLC
800 South Gay Street, Suite 1400
Knoxville, TN  37929
Phone: (865) 244-4663
Facsimile: (865) 673-8972
Email: cwoodfin@spicerfirm.com
          afirkins@spicerfirm.com

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2022, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Hartford Underwriters Insurance Company
One Hartford Plaza
Hartford, CT 06155

Ashley Kaitlyn Gragg
c/o Gregory F. Coleman, Esq.
Adam A. Edwards, Esq.
Justin G. Day, Esq.
Milberg, Coleman, Bryson, Phillips, Grossman, PLLC
First Horizon Bank
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Phone: (865) 247-0080
Facsimile: (865) 522-0049
Email: gcoleman@milberg.com
       aedwards@milberg.com
       jday@milberg.com

/s/ Andrew N. Firkins
Andrew N. Firkins (BPR# 033982)

6