# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

|  |  |
|---|---|
| WHITE REALTY AND SERVICE CORPORATION )<br><br>    Plaintiff )<br>v. )<br><br>ECP-PF HOLDINGS, LLC;<br>NATIONAL CASUALTY COMPANY;<br>HARTFORD UNDERWRITERS<br>INSURANCE COMPANY; FEDERAL<br>INSURANCE COMPANY;<br>ASHLEY KAITLYN GRAGG; and<br>K&K INSURANCE GROUP, INC.<br><br>    Defendants ) | No. 3:22-CV-170-KAC-JEM |

## WHITE REALTY'S AMENDED
## COMPLAINT FOR DECLARATORY JUDGMENT
## AND DAMAGES

Comes the plaintiff, White Realty and Service Corporation (White Realty), by its attorney, pursuant to the Court's order of June 14, 2023, **[Document 36]**, and respectfully submits the following Amended Complaint which shall hereafter serve as its operative Complaint in this action.

### PARTIES

1. The plaintiff, White Realty, is an active Tennessee corporation, with its principal offices located at 416 Bearden Road, in Knoxville, Tennessee.

2. In its original complaint, White Realty sued the defendant, ECP-PF:TN Operations, LLC (Planet Fitness). Since the filing of its complaint, White Realty has been advised that the correct name for the defendant is ECP-PF Holdings, LLC. A search of the

business records of the Tennessee Secretary of State, however, shows that, while ECP-PF:TN Operations, LLC is an active and licensed limited liability company in Tennessee, no record can be found evidencing that ECP-PF Holdings, LLC exists or is licensed to conduct business in Tennessee. As a result, to the extent that ECP-PF Holdings, LLC is the correct name for the defendant operating in Knox County, Tennessee as "Planet Fitness," then White Realty hereby amends its complaint, pursuant to Fed. R. Civ. P. 15(c)(1)(C), and substitutes ECP-PF Holdings, LLC for ECF-PF:TN Operations, LLC. The defendant is believed to be a Delaware limited liability company with its principal offices located at 35 Old Tavern Road; Orange, Connecticut 06477. It is believed to operate a number of health clubs under the name of "Planet Fitness" in Knox County, Tennessee, and its health club located at 11433 Kingston Pike; Knoxville, Tennessee 37934, is the subject of this litigation.

3. The defendant, National Casualty Company (National), is an insurance company with its principal offices located at One Nationwide Boulevard; Columbus, Ohio 43215. National is licensed to sell insurance in Tennessee, and, at all times material to this litigation, National had an insurance policy in effect with ECP-PF Holdings, LLC that provided coverage to the health club located at 11433 Kingston Pike; Knoxville, Tennessee 37934.

4. The defendant, Hartford Underwriters Insurance Company (Hartford), was made a defendant and served with process in White Realty's original complaint. No one has entered an appearance on behalf of Hartford, but White Realty has been advised that Hartford did not issue a liability insurance policy to Planet Fitness. Accordingly, White Realty intends to dismiss Hartford from the present litigation without prejudice.

5. The defendant, Federal Insurance Company (Federal), is an insurance company with its principal offices located at 202B Hall's Mill Road; Whitehouse Station, New Jersey

2

08889. Federal is licensed to sell insurance in Tennessee, and, at all times material to this litigation, Federal had an insurance policy in effect with ECP-PF Holdings, LLC that provided coverage to the health club located at 11433 Kingston Pike; Knoxville, Tennessee 37934.

6. The nominal defendant, Ashley Kaitlyn Gragg (Gragg), was included as a defendant in White Realty's original complaint only as an "interested party" and nominal defendant pursuant to the provisions of Tennessee Code Annotated, § 29-14-107(a). No one has entered an appearance on her behalf, and White Realty has been advised by her attorney that they do not wise to participate in the present action. Accordingly, White Realty intends to dismiss Gragg from the present litigation without prejudice.

7. The defendant, K&K Insurance Group, Inc. (K&K), is believed to be an insurance company with its principal offices located at 1712 Magnavox Way; Fort Wayne, Indiana 46801. K&K produced, wrote, and is administering the liability insurance policy issued in the name of the defendant, National.

8. The defendants, National, Federal, and K&K, are sometimes collectively referred to as the "insurers" below.

## JURISDICTION

9. This matter concerns real property located in Knox County, Tennessee, and a lease applicable to the property that was entered into and performed in Knox County, Tennessee. The controversy is between citizens of different states and involves an amount in controversy that exceeds $75,000.00. As such, the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## RELEVANT FACTS

10. White Realty is the owner of Village Green Shopping Center (Village Green), located at 11437 Kingston Pike; Knoxville, Tennessee 37934. On January 18, 2017, White

Realty leased a 24,580 square feet building in Village Green to Fitness Four, LLC, as franchisee, to construct and operate a health club under the name of "Planet Fitness." In the lease, Fitness Four, LLL is represented to be "a Tennessee limited liability company." White Realty, however, has found no evidence that Fitness Four, LLC exists in Tennessee or is licensed to conduct business in Tennessee. The leased premises also included a "non-exclusive right to use parking and other common areas" in the shopping center. The lease is too large to attach to this complaint, but the defendants are all in possession of the lease, and the Court will be furnished a copy upon request.

11. White Realty has been advised that the defendant, ECP-PF Holdings, LLC (hereafter "Planet Fitness"), if it exists, assumed all the obligations of the Tenant under the White Realty lease.

12. Under the terms of the lease, Planet Fitness, as Tenant, was required to obtain and keep in force various insurance, including general liability insurance, and to make White Realty, as Landlord, an "Additional Insured" under all policies. The Planet Fitness policies were to be "written as primary policies not contributing with and not in excess of coverage which [White Realty] carried." Planet Fitness was also required under the lease to "deliver to [White Realty] certified copies of policies." Paragraph 18 of the lease provides as follows:

> **18.** **Insurance.** Tenant shall, at Tenant's expense, obtain and keep in force during the Term the following insurance: (a) commercial general liability insurance with limits of at least $XXXXXXX for each occurrence and general aggregate for bodily injury and/or property damage which such policy shall be made on an occurrence basis, (b) "all risks" casualty insurance covering all of Tenant's property and interest in the demised Premises, and (c) plate glass insurance covering all plate glass in the premises in the amount of actual value of replacement. All policies for such insurance shall be in a form reasonably acceptable to Landlord, **shall name Landlord as Additional Insured** and shall contain a provision that the same may not be cancelled or changed without giving Landlord 30 days written notice prior to such cancellation or change. Tenant shall maintain insurance coverage required hereunder despite any cancellation. The limit of any such insurance shall not limit the liability of Tenant hereunder. If Tenant fails to

4

procure and maintain said insurance, and such failure continues for more than three (3) business days after notice from Landlord to Tenant, Landlord may, but shall not be required to, procure and maintain the same, but at Tenant's expense. **Tenant shall deliver to Landlord certified copies of policies** or certificates of insurance required herein. **All such policies shall be written as primary policies not contributing with and not in excess of coverage which Landlord may carry** and shall be written with an insurance carrier satisfactory to Landlord. Tenant hereby releases Landlord from any and all claims for losses or damage which are or would have been covered by a standard Tennessee form of fire and extended coverage insurance. (Emphasis supplied).

13. Pursuant to the requirements of Paragraph 18 of the lease, Planet Fitness provided White Realty each year with a "Certificate of Liability Insurance," evidencing that White Realty had been included as an "Additional Insured" on all liability insurance policies maintained by Planet Fitness. (The Certificate for the policy period between 02/01/2020 and 02/01/2021, with limits redacted, is attached to this complaint as Exhibit 1). The attached Certificate shows that, for the above period, White Realty was an "Additional Insured" on three insurance policies provided by the defendants, National, Hartford, and Federal to ECP-PF Holdings, LLC and other entities.

14. On October 26, 2020, the nominal defendant, Gragg, was seriously injured when she was struck by a vehicle as she was leaving the Planet Fitness located in Village Green. She subsequently filed a lawsuit in Knox County Circuit Court against White Realty, Planet Fitness, and the driver of the vehicle that struck her. That litigation is pending under Circuit Court Docket Number 1-193-21.

15. On September 6, 2021, White Realty's attorney requested the attorney for Planet Fitness to provide him with "complete copies of [the three policies in which White Realty was made an Additional Insured] so that [White Realty could] determine exactly what kind of coverage [was] available to [it]." (See email dated September 6, 2021, attached to this complaint

5

as Exhibit 2). Thereafter, White Realty made repeated requests for the three policies, but the defendants have refused to produce them for White Realty and its attorney to review.

16. On November 15, 2021, White Realty's attorney sent a letter to the attorney for Planet Fitness advising him that he had "not received the policies [and], in the absence of evidence to the contrary, [it must be assumed] that White Realty is entitled to a defense and indemnity under one or more of the Planet Fitness policies." White Realty's attorney further stated that, "if Planet Fitness and its carriers do not assume White Realty's defense, and I am forced to continue to defend my client, then White Realty will seek full reimbursement for all costs and attorney fees incurred in defending the litigation." (See letter dated November 15, 2021, attached to this complaint as Exhibit 3).

17. Thereafter, White Realty and its attorney attempted for over six months to obtain copies of the defendants' liability insurance policies in which White Realty was an Additional Insured. The defendants, however, have refused to provide its insured, White Realty, with copies of the policies. As a result, White Realty has been forced to defend the litigation filed by the nominal defendant, Gragg, and has incurred substantial expense and attorney fees in defending the matter.

## I. CLAIM FOR DECLARATORY JUDGMENT

18. White Realty respectfully submits that it is entitled to know the extent of the coverage that it has under the liability insurance policies issued by the insurers, National, Federal, and K&K. As a result, White Realty requests the Court to order said insurers to produce complete copies of the policies, and thereafter, pursuant to Tennessee Code Annotated, § 29-14-101 *et seq*., to declare the rights, status, and other legal relations of White Realty under the policies.

6

Case 3:22-cv-00170-KAC-JEM   Document 37   Filed 06/21/23   Page 6 of 9   PageID #: 169

## II. CLAIM AGAINST PLANET FITNESS FOR BREACH OF LEASE

19. White Realty respectfully submits that Planet Fitness has breached the lease agreement with White Realty by failing to deliver to White Realty certified copies of the defendants' insurance policies, together with evidence that the policies provide "primary coverage not contributing with and not in excess of coverage which White Realty may carry." As a result of this breach, Planet Fitness is liable for all costs and attorney fees incurred by White Realty in defending the Gragg litigation. In addition, if it is determined that White Realty has limited coverage under the liability insurance policies, then White Realty requests a judgment holding that Planet Fitness has become White Realty's insurer, and that Planet Fitness is obligated to indemnify White Realty for all sums, if any, that White Realty may be found liable in the Gragg litigation.

## III. CLAIM AGAINST INSURERS FOR FAILURE TO DEFEND

20. White Realty has reason to believe that one or more of the liability insurance policies in which it was made an Additional Insured contain a duty to defend. As a result of the refusal of the insurers, National, Federal, and K&K to provide their insured, White Realty, with copies of the relevant policies, and the breach of their duty to defend White Realty in the Gragg litigation, White Realty has suffered substantial damages for which the insurers are liable.

## IV. CLAIM AGAINST INSURERS FOR UNFAIR CLAIM PRACTICES

21. Tennessee Code Annotated, § 56-8-105, details various acts which constitute unfair claim practices by an insurance company. These include, but are not limited to, "(1) knowingly misrepresenting relevant facts or policy provisions relating to coverages at issue; and (2) failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its polices." White Realty alleges that the insurers, National,

7

Federal, and K&K have committed unfair claim practices under the above statute by refusing to give their insured, White Realty, copies of liability insurance policies in which it was made an Additional Insured, and by failing to assume its contractual duty to defend White Realty in the Gragg litigation. As a result of these unfair claim practices, White Realty has suffered substantial damages for which the insurers are liable.

## V. CLAIM FOR BREACH OF GOOD FAITH AND FAIR DEALING

22. Tennessee recognizes the implied covenant of good faith and fair dealing in the performance of all contracts. White Realty alleges that Planet Fitness, National, Federal, and K&K have all breached their duty to exercise good faith and fair dealing in the performance of their obligations under the lease agreement and the liability insurance policies in which White Realty was made an Additional Insured. These breaches include, but are not limited to, failure of the defendants to provide White Realty with copies of the insurance policies in which it is an insured; failure of the defendants to provide White Realty with a defense in the Gragg litigation; and failure of the defendants to agree to indemnify White Realty for any loss that it might suffer in the Gragg litigation. As a result of the breach by the defendants of their duty of good faith and fair dealing, White Realty has suffered substantial damages for which the defendants are liable.

## VI. CLAIM FOR EQUITABLE ESTOPPEL

23. White Realty alleges that the defendants, Planet Fitness, National, Federal, and K&K, by refusing to provide White Realty will copies of the liability insurance policies, have concealed material facts with the intention of preventing White Realty from determining its legal rights and coverage as an Additional Insured under the polices  As a result, White Realty submits that the defendants are equitably estopped from denying that White Realty has liability coverage under the policies applicable to the Gragg litigation.

## PRAYER FOR RELIEF

WHEREFORE, White Realty respectfully prays:

1. That the defendants be ordered to provide White Realty with complete copies of the insurance policies referenced in Exhibit 1.

2. That, upon a hearing, the Court issue an order declaring the rights, status, and other legal relations of White Realty under the policies.

3. That White Realty be awarded damages against the defendants is such amounts that it is entitled.

4. That White Realty have such other, general, and further relief to which it may be entitled.

Respectfully submitted,

s/ Charles G. Taylor, III
———————————
Charles G. Taylor, III
Attorney for White Realty
B.P.R. No. 1761

McDONALD, LEVY & TAYLOR
Attorneys at Law
10805 Kingston Pike
Knoxville, Tennessee 37934
(865) 966-7665

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2023, a copy of the foregoing amended complaint was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties were served by regular U.S. mail, facsimile, or by hand delivery. Parties may access this filing through the Court's electronic filing system.

s/ Charles G. Taylor, III
———————————
Charles G. Taylor, III